C. AULTMAN & COMPANY *vs.* CHARLES KENNEDY.

May 8, 1885.

Sale with Oral Warranty—Subsequent Written Warranty.—When personal property has been sold and delivered with a verbal warranty, a written and different warranty, gratuitously delivered by the vendor to the vendee after the contract of sale has been fully executed, is mere *nudum pactum*, and will not supersede the verbal warranty.

Practice—Grounds of Objection to Evidence to be Stated Clearly.— A party who is fully aware of an objection to the competency of evidence, must make his objection known when the evidence is offered. It is not enough to make the objection when the ground of it afterwards appears to the court in the progress of the trial. The party should make it as soon as it is known to himself.

Plaintiff (a corporation) brought this action in the district court for Lyon county upon two promissory notes made by defendant. The answer alleged that the notes were given as part of the purchase price of a harvester, which was sold by plaintiff to defendant with a warranty as to character, capacity, and efficiency, and pleads a counterclaim for damages for a breach of such warranty. The action was tried before *Webber*, J., and a jury, and defendant had a verdict. Plaintiff appeals from an order refusing a new trial.

*Forbes & Seward*, for appellant.

*M. E. Mathews*, for respondent.

MITCHELL, J.[1] Upon the trial the defendant, as a witness in his own behalf, testified, without objection, as to a verbal warranty given to him by plaintiffs at the time of the purchase of the machine. Subsequently, on his cross-examination, it appeared that some time after the sale, and after the machine had been delivered and partly paid for, the plaintiffs delivered to him a written warranty. There was no evidence that there was at this time any change or modification of the contract, or that any new consideration passed between the parties. On this state of facts the plaintiffs moved to strike out the

[1] Berry, J., was absent and took no part in this case.

evidence of the verbal warranty. There were two good reasons why the court was justified in refusing to do so:

*First*, the evidence at least tended to show that the verbal warranty given at the time of the sale was the one which constituted the contract between the parties, and in reliance upon which the defendant purchased. The gratuitous delivery by plaintiffs to defendant of this writing, after the contract of sale was fully executed, could not affect the rights of the parties. The evidence was therefore competent.

But assuming it was incompetent, as being secondary evidence, the court was still justified in refusing to strike it out. If the plaintiffs' warranty was in writing, they must be presumed to have known the fact. There is no suggestion that they did not. It was their duty, under these circumstances, to make known their objection when the evidence was offered, and then and there interrogate the witness, by way of preliminary examination, whether the contract of which he was about to testify was not in writing. A party who is aware of an objection to the competency of evidence has no right to hold back his objection and speculate upon the testimony being favorable to himself, and then, if the result prove otherwise, move to strike it out. It is not enough to make the objection when the ground of it first appears to the court in the progress of the trial. The party should make it as soon as it is known to himself. This rule was well settled as to objections to the competency of witnesses. 1 Greenl. Ev. §§ 421, 422; Whart. Ev. § 393. There is no reason on principle or authority why the same rule should not obtain in reference to objections to the competency of evidence. See *Levering* v. *Langley*, 8 Minn. 82, (107.) Under the circumstances it was, therefore, at least in the discretion of the court to allow the evidence to stand.

Order affirmed.